# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES BROADHEAD, AIS #224802,** | : | |
| Plaintiff, | : | |
| vs. | : | **CIVIL ACTION 10-0398-CB-C** |
| **VALERIE BEASLEY,** *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding *pro se*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. Plaintiff sought leave to proceed *in forma pauperis* and was granted leave to proceed *in forma pauperis*. (Doc. 5). This status, however, is being revoked by separate order as a result of the screening of the complaint. The screening process revealed that this action, as well as plaintiff's other actions on the undersigned's docket, is due to be dismissed pursuant to 28 U.S.C. § 1915(g).[1]

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more

---

[1] The plaintiff's other actions on the undersigned's docket are: *Broadhead v. Taylor,* CA 10-0386-CG-C; *Broadhead v. Brown,* CA 10-0452-WS-C; *Broadhead v. Johnson*, CA 10-0618-CG-C; *Broadhead v.Singleton,* CA 11-0107-WS-C; and *Broadhead v. Desdpain*, CA 11-0656-KD-C.

>prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because the Court knew that plaintiff previously had filed actions with this Court and had actions dismissed pursuant to § 1915(g), the Court examined the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama to verify that he has three or more *in forma pauperis* actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. From those dockets the Court discovered plaintiff has had at least three actions dismissed for the aforementioned reasons, namely, *Broadhead v. Hopkins,* CA 10-0439-LSC-RRA (N.D. Ala. June 18, 2010); *Broadhead v. McConuco*, CA 09-0384-CB-N (S.D. Ala. May 21, 2010); *Broadhead v. Kirrie*, CA 10-0053-VEH-RRA (N.D. Ala. Nov. 30, 2010); and *Broadhead v. O'Brian*,  CA 10-0475-JHH-RRA (N.D. Ala. June 22, 2010). Thus, plaintiff's allegations in the present action come within the scope of 28 U.S.C. § 1915(g).

In order to avoid the dismissal of the present actions pursuant to § 1915(g), plaintiff's allegations need to satisfy the exception to § 1915(g), which requires that at the time of the complaint's filing plaintiff was "under imminent danger of serious physical injury." *See Adbul-Akabar v. McKelvie*, 239 F.3d 307, 315 (3d Cir.)  ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied*, 533 U.S. 953 (2001); *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (The plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time.); *Brown v. Johnson,* 387 F.3d 1344, 1349 (11th Cir. 2004) ("[A] prisoner must allege a present imminent

danger, as opposed to a past danger, to proceed under section 1915(g)."); *Ball v. Allen*, CA 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (citation and quotation marks omitted) (unpublished) (Granade, C.J.)(To satisfy the exception to § 1915(g), the plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]").  Plaintiff, however, has not done this.

In this action plaintiff alleges that "Defendants acted . . . with deadly excessive force [when he] was beat and struck with security sticks by (4) officers named herein as Defendants . . . 110 times by (4) named Defendants, as 7/20/10. 9:55 p.m.  The Plaintiff was placed in 2 free world hospital, where [it was determined that] he had a broken arm in (3) places, and staples in the head, and (3) or (4) teeth was knocked out . . . [and] had [a] fracture to his feet and ankle area." (Doc. 1 at 4-5).  The only date given indicating the time when the assault occurred is July 20, 2010.  This action, however, was filed on or about July 26, 2010, after the assault allegedly occurred.  (*Id.* at 9, postmark on complaint's envelope).  There are also disconnected allegations of plaintiff having filed a grievance, being "put on transfer," "Cooper Green Hospital," being threatened for his life which caused him to be transferred for his safety, and being repeatedly kicked in the testicles, out of pure hate, so he would never be able to rape another old lady . (*Id.* at 6).  *See McNamee v. Social Sec. Admin.*, 164 F. App'x  919, at **1 (11th Cir. 2006) (unpublished) (noting that Cooper-Green Hospital is in Birmingham, Alabama).[2]   Although he claims four officers assaulted him, later in the complaint he adds other defendants including LPNs.  (*Id.* at 7, 11).

---

[2]   "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

In reviewing the complaint's allegations, the Court does not find a claim showing that plaintiff was under imminent danger of serious physical injury at the time he filed the complaint. That is, the action was file on or about July 26, 2010 and describes an assault that occurred on July 20, 2010. Clearly, plaintiff is complaining about past conduct. Considering plaintiff's present allegations, the Court finds that they do not show that he was under "imminent danger of serious physical injury" at the time the complaint was filed.

This decision by the undersigned is reinforced by the fact that plaintiff previously filed numerous § 1983 actions complaining about being assaulted by officers in a similar manner and alleging similar injuries. The magistrate judge in *Broadhead v. Kirrie,*, CA 10-0053-VEH-RRA (N.D. Ala. Nov. 30, 2010), recommended plaintiff's § 1983 action based on a similar assault be dismissed as frivolous, stating that "[a]lthough on its face the plaintiff's complaint would appear to state a cognizable claim of excessive force that could survive the initial screening process, a review of other recent actions filed by the plaintiff indicates that his allegations are fanciful and therefore frivolous." (Doc. 10 at 2). The court observed that the assault and injuries are nearly identical to those in plaintiff's numerous other cases and proceeded to list them, namely, Northern District case numbers: 10-439, 10-806, 10-1028, 10-1141, 10-1142, 10-53, 10-54, 10-113, 10-350, 10-388, 10-751, 09-2473, 09-2473, 09-2512, and 09-2606, and Southern District case numbers: 10-241, 10-12, and 10-129. (*Id.* at n.3). The court found that the assault and injuries remained the same in these actions, but the defendants, date of assault, location, and number of blows inflicted changed. (*Id.* at 3-4). Thus, the filing of repetitive actions based on similar assaults with similar injuries over the years corroborates the undersigned's conclusion that plaintiff did not face an "imminent danger of serious physical injury" at the time of filing.

As of this date, PACER ("Public Access to Court Electronic Record") reflects that plaintiff has filed approximately sixty actions, with twenty-nine actions having been filed with this Court. An examination of this Court's docket shows that eleven of plaintiff's actions have been previously dismissed pursuant to 28 U.S.C. § 1915(g).

Because plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $350 filing fee at the time he filed the present action, plaintiff's actiois due to be dismissed without prejudice. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he *initiates* the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied*, 535 U.S. 976 (2002). Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 13th day of June, 2012.

s/WILLIAM E. CASSADY<br>UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.    **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

   A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Transcript (applicable Where Proceedings Tape Recorded)**.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED.R.CIV.P. 72(b)(2).